UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER W. SHINHOLSER,<br><br>    Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>    Defendant. | CIVIL ACTION No.<br>5:22-cv-00002-TES |

## CONSENT PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the Parties in the above-captioned matter that:

1. Discovery in the above-captioned action may require the disclosure by the Parties of confidential and proprietary business information.

2. Any Party to this litigation shall have the right to designate as "Confidential," by stamping or other appropriate means, any document or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other proprietary or confidential business information or which the producing Party otherwise believes in good faith is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; (b) personal identifying information; or (c) personal health information protected by the Health Insurance Portability and Accountability Act. Any Party to this litigation who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, exhibit, brief, affidavit, declaration or testimony,

shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

3. All Confidential material shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. The Parties and their officers, directors, employees and representatives who have a need for such information for purposes of this litigation;

   b. Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

   c. Outside experts or consultants retained by any of the Parties who have a need for such information to assist in this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   e. The Court and court personnel; and

   f. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings related only to the above styled matter, including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare

demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials; provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4 and only for the purposes permitted in Paragraph 4. Confidential material, copies thereof and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the Party asserting confidentiality waives the claim of confidentiality; or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a Party to this action, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript.

7. If counsel for a Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

   a. Counsel for the objecting Party shall serve on the designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the

3

designating Party shall respond in writing to such objection within fourteen (14) days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation(s) will be deemed to be void. If the designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court. The parties shall comply with the Court's requirement that a conference be requested prior to the filing of a discovery motion. The document, information or thing that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

8. All requests to seal documents filed with the Court shall comply with the Court's Rules regarding filing of documents under seal.

9. If the need arises during trial or at any Hearing before the Court for any Party to disclose Confidential information, it may do so only after giving notice to the producing Party and as directed by the Court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material

4

was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Consent Protective Order.

11. This Consent Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground, or otherwise to move for a protective order regarding the requested discovery. This Consent Protective Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

12. When a Party wishes to designate as Confidential a document, thing or information to, from, of and/or concerning such Party, but produced by someone other than that Party, such designation shall be made: (a) within ten (10) days after the date on which that Party receives a copy of the document, thing or information that has been produced and (b) by notice to all Parties to this action, identifying with particularity the designated document, thing or information. The receiving Party or Parties shall thereafter treat the document, thing or information as Confidential as applicable.

13. Nothing in this Consent Protective Order shall limit any Party or person in the use of its own documents, things or information for any purpose, or from disclosing or consenting to the disclosure of its own Confidential material to any person.

14. This Consent Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.


was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Consent Protective Order.

11. This Consent Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground, or otherwise to move for a protective order regarding the requested discovery. This Consent Protective Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

12. When a Party wishes to designate as Confidential a document, thing or information to, from, of and/or concerning such Party, but produced by someone other than that Party, such designation shall be made: (a) within ten (10) days after the date on which that Party receives a copy of the document, thing or information that has been produced and (b) by notice to all Parties to this action, identifying with particularity the designated document, thing or information. The receiving Party or Parties shall thereafter treat the document, thing or information as Confidential as applicable.

13. Nothing in this Consent Protective Order shall limit any Party or person in the use of its own documents, things or information for any purpose, or from disclosing or consenting to the disclosure of its own Confidential material to any person.

14. This Consent Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

15. Upon final conclusion of this litigation, each Party or other individual subject to the terms hereof shall be under an obligation to destroy or to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Consent Protective Order. Counsel shall certify in writing within thirty (30) days that the provisions of this Section have been complied with.

CONSENTED AND AGREED TO BY:

_/s/ Steven Nauman_

Steven Nauman, Esq.
*Admitted Pro Hac Vice*
Dylan Hooper, Esq. (Georgia Bar No. 194606)
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
dhooper@forthepeople.com
snauman@forthepeople.com
*Attorneys for Plaintiff*

_/s/ Myrece Johnson_

C. Bradford Marsh (Georgia Bar No. 471280)
Myrece R. Johnson (Georgia Bar No. 940301)
Swift, Currie, McGhee & Heirs, LLP
Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

William Chandler Swallow (Illinois Bar No. 6293910)

*Appearing Pro Hac Vice*
Clyde & Co., US LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
Telephone: (312) 635-6909
Facsimile: (312) 635-7000
bill.swallow@clydeco.us

**SO ORDERED:**

Dated __6/29/22__

Honorable Tilman E. Self, III
United States District Judge
Middle District of Georgia